The Chancellor.
The foundation of the complainant’s right to relief rests entirely upon the parol agreement, alleged to have been made between Edward W. Potts and himself, respecting the premises which are the subject of this controversy. That agreement is stated in the bill to have been this: that Edward W. Potts was the owner in fee simple of the premises, and the complainant in possession as his tenant; that such tenancy had existed for about four years, during which time the complainant had been in the service of Potts as a tanner; that Potts became in arrear for wages in about three hundred dollars, which was the estimated value of the premises; and that, in payment and satisfaction of the arrear of wages so due and owing, *68 and of other good and valuable considerations him thereunto moving, he, on or about the fourth day of September, 1880, bargained, sold, and delivered unto the complainant the land and premises in fee simple, and then and there put him in full possession thereof, as the owner. The bill alleges, that from that time up to exhibiting his bill of complaint, the complainant has been in possession, as the owner, has paid the taxes, and has put improvements on the premises.
The answer is a full denial of the complainant’s equity, and his case is not sustained by the proofs taken.
The complainant relies upon a parol agreement, partly carried into execution. He must establish the contract, by competent proofs, to be clear, definite, and unequivocal in all its terms; and the acts upon which he relies as part performance must be precise and certain, and referable exclusively to the contract. In both particulars, the complainant has failed.
First, as to the contract. The witness relied upon to prove the contract is Abner Cole, the complainant’s son. He was the only witness present at the time it was made. He says, “ I recollect the time Edward Potts was preparing to go to the South the last time; it was in the fall; it was on a Saturday night, in the office in front of the yard: my father said to Edward Potts, I would like to settle before you go away; Mr. Potts said to him, Lewis are you going to stay on, and keep the house; my father said to him, I don’t know, sir, I don’t know how we stand. He then said to my father, you have got the house near about paid for now, and you can work on till spring; and then, in the spring, I’ll be back again; but if I never come back again, that house is yours. It is very clear this is not proof of the contract set out in the bill, and in fact it is no contract at all. It was only an offer, on the part of Mr. Potts, to sell complainant the house ; and so far from the complainant’s accepting the offer, he never recalled or modified his reply, that he did not know whether he *69 would take the house. No price was named; no terms were fixed; there was no agreement made, which this court can enforce under any circumstances. There are other witnesses, who certify that they heard Mr. Potts say he had sold complainant the house; but the nearest any of them come to any terms upon which the sale was made is, that the price was to be two hundred and forty, or two hundred and fifty dollars.
Again, as to the proof of the execution of the contract upon which the complainant relies, the evidence falls very far short of proving any acts which the court can recognise as sufficient for that purpose. As to the payment of the purchase money, it depends upon the fact, whether there were any unsettled accounts between the complainant and Edward Potts, and whether Potts owed the complainant anything. It is not shown that they had any settlement, nor are the accounts between them exhibited. But satisfactory proof upon this point would not take the case out of the statute. Payment of the purchase money, or of a part of it, is not such a part performance as will take the case out of the statute. Story’s Eq. J. § 760.
As to the possession. If a party relies upon possession as part performance, he must show that he enjoyed that possession under the contract. If he came in as a tenant, he must show, by unequivocal proof, that the tenancy was abandoned, and that his possession as a tenant was changed into that of a vendee under the specific contract he is seeking to enforce. In this case the bill admits that the complainant was in possession as the tenant of Potts, and there is no proof as to how or when that tenancy was changed. But the proof in the cause is most satisfactory, that the complainant was not in possession as vendee. It is proved that, for more than sixteen years, he has been the tenant of the defendant, and that during that whole period he has paid the rent. He has acknowledged this tenancy in every possible way. He has taken receipts from time to time from the defendant, as his *70 landlord. He lias sent individuals to the defendant to, negotiate for a purchase of the property. His property ■ has been distrained by the defendant for rent, and sold.
I cannot see that the complainant has the least .claim to have his possession protected by the court. The injunction must be dissolved, and the bill dismissed with costs.